IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE LOAN SOURCE INC. and THE 1993 STEVEN D. KRAVITZ FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NEWITY LLC and ACAP SME, LLC,<br><br>Defendants.<br><br>ACAP SME, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>THE LOAN SOURCE INC. and THE 1993 STEVEN D. KRAVITZ FAMILY TRUST,<br><br>Counterclaim Defendants. | Civil Action No. 22-cv-01255-GBW |

## MEMORANDUM ORDER

AND NOW, this 25th day of June 2025, having reviewed and considered the respective filings of Plaintiffs The Loan Source Inc. ("TLS") and the 1993 Steven D. Kravitz Family Trust (the "Trust") (collectively "Plaintiffs") and Defendants ACAP SME, LLC's ("ACAP") and Newity LLC's ("Newity") (collectively "Defendants") concerning the discovery disputes between the parties, which have been fully briefed (D.I. 111, D.I. 112), the Court HEREBY ORDERS as follows:

1. With respect to Plaintiffs' request to compel Defendants to comply with RFP 19 seeking documents sufficient to show Defendants' efforts to settle a lawsuit commenced by the former employer of Defendants' executives, the request is GRANTED. Defendants claim that the documents are "irrelevant." D.I. 112 at 2. However, as Plaintiffs state, the information is relevant because the "parties' contract required ACAP to secure SBA [U.S. Small Business Administration] approval." D.I. 111 at 2. Since Plaintiffs allege that Defendants "re-affirmed their obligation to obtain the SBA's approval" by settling the *ExWorks* litigation, it is relevant information if Defendants made any efforts to resolve the *ExWorks* litigation. *Id.* Defendants further contend that they cannot produce this information because it is confidential under two Illinois protective orders (D.I. 112 at 2), but Plaintiffs stipulate that the information can be protected under the protective order in this case (D.I. 111 at 2). Thus, Defendants must produce documents sufficient to show their efforts to settle the *ExWorks* litigation and may designate which information they want under the protective order in this case.

2. With respect to Plaintiffs' request to compel Defendants to comply with RFP 26 seeking documents sufficient to show Defendants' relationship with Northeast Bank ("NEB"), the request is GRANTED. The Court accepts Defendants' contention that "ACAP is not withholding any documents generated after a reasonable search related to its business with NEB." D.I. 112 at 2. However, with respect to Newity, its interactions with NEB are relevant to "whether NEB treats ACAP and Newity as separate entities." D.I. 111 at 2. Thus, Defendant Newity must produce materials sufficient to show its relationship with NEB.

2

3. With respect to Plaintiffs' request to compel Defendants to comply with RFP 46 seeking documents and communications between ACAP and Newity regarding their revenue, distributions, income, profits, and compensation, the request is DENIED as MOOT. The Court accepts Defendants' representation that they are not aware of specific documents "between ACAP and Newity" that have not been produced under the parties' agreed search terms. D.I. 112 at 2; *see Personal Audio LLC v. Google LLC*, 1:17-cv-01751-CFC (D. Del. Jan. 9, 2025) (denying as moot RFPs where the producing party represents that "after reasonable searches, it has either not found responsive records or, to the extent it has, it has produced such [requested] materials").

4. With respect to Plaintiffs' request to compel Defendants to comply with RFPs 25 and 28 seeking materials related to Defendants' servicing costs resulting in the alleged "overdistribution" of ~$1.3 million to TLS, the request is DENIED. First, ACAP has already produced an Excel spreadsheet detailing its loan servicing costs. D.I. 111 at 2; D.I. 112 at 2. Second, the backup for the loan servicing costs that Plaintiffs seek, including the invoices and pay statements, would not be proportional to the needs of the case. Defendants explain that these documents are "mostly stored with a cloud-based vendor requiring a human to pull each individual document." D.I. 112 at 3; *see* D.I. 112, Ex. C ¶¶ 1-2 (Declaration of Samson Lam, Executive Vice President of Finance for Newity). This method would take at least 120-160 hours of time for one of the two accounting professionals (D.I. 112 at 3), and Plaintiffs have not demonstrated a need for these documents proportional to this burden. Thus, the request is denied because it is out of proportion to the needs of the case.

5. With respect to Plaintiffs' request to compel Defendants to comply with Interrogatory No. 10 and describe how they calculated the alleged overdistribution, the request is DENIED. Interrogatory No. 10 asks Defendants to "[e]xplain the process you used to prepare monthly Disbursement Statements," which Defendants answered. D.I. 111-1, Ex. A at 13-14. Plaintiffs did not request Defendants to describe how they calculated the alleged overdistribution.

6. With respect to Plaintiffs' request to compel Defendants to comply with RFPs 10, 15, 16 and 20 seeking documents, communications, and information related to the stock purchase agreement, the request is GRANTED. Plaintiffs claim that Defendants have not produced documents "related to their understanding and performance of key provisions of the [stock purchase agreement] in dispute." D.I. 111 at 3. In their answering brief, Defendants did not state whether they have produced these documents. Thus, to the extent that they have not done so, Defendants must produce the documents, communications, and information related to the stock purchase agreement.

7. With respect to Plaintiffs' request to compel Defendants to supplement Interrogatories 4, 5, and 8, the request is DENIED. Plaintiffs claim that Defendants have not identified documents as part of their responses to these Interrogatories. However, Defendants did identify documents by bates label in its response to these Interrogatories. D.I. 112 at 3; D.I. 111-1, Ex. A at 10-13.

8. With respect to Plaintiffs' request to compel Defendants to comply with RFPs 28, 31-39, 44, 45, and 48 seeking documents and communications relevant to the relationship between ACAP and Newity, the request is GRANTED. Defendants assert that the Court should reject this discovery request because "Plaintiffs newly argue that ACAP and Newity are

'alter egos' and not the same entity, the grounds on which this Court denied Newity's motion to dismiss." D.I. 112 at 3 (emphasis removed). This assertion is without merit. Defendants seem to make the argument that "alter egos" is a meaningfully different legal term than "same entity," but this argument is grounded in semantics. Plaintiffs are clearly making the argument that ACAP and Newity are the same entity, i.e., that Defendants are the same organization with the alter egos of ACAP and Newity. Defendants' semantics quibble is no reason to deny discovery. Thus, provided they have not already done so, Defendants must produce documents and communications relevant to the relationship between ACAP and Newity.

9. With respect to Plaintiffs' request for Defendants to Amend the Privilege Log, the request is DENIED. Defendants provide a side-by-side visual of the parties' respective privilege logs. D.I. 112 at 3. From this table, it's clear that Defendants adhere to the facets of "a traditional privilege log (describing who sent, received, and was copied on a document, along with its format and the basis for withholding)." *Medex, Inc. v. TDS Operating, Inc.*, No. 18-cv-1662-MN, 2021 WL 4709978, at *2 (D. Del. Oct. 8, 2021).[1]

10. All supplements and productions required by ACAP and/or Newity in this Order shall be completed on or before **July 9, 2025**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Defendants explain that the names of the individuals involved in each privilege entry do not appear in the letter brief because their privilege log lists all parties to each communication in separate columns from the description. D.I. 112 at 3 n.3.