IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE LOAN SOURCE INC. and THE 1993 STEVEN D. KRAVITZ FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NEWITY LLC and ACAP SME, LLC,<br><br>Defendants.<br><br>ACAP SME, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>THE LOAN SOURCE INC. and THE 1993 STEVEN D. KRAVITZ FAMILY TRUST,<br><br>Counterclaim Defendants. | Civil Action No. 22-cv-01255-GBW |

## MEMORANDUM ORDER

AND NOW, this 30th day of June 2025, having reviewed and considered the respective filings of Plaintiffs The Loan Source Inc. ("TLS") and the 1993 Steven D. Kravitz Family Trust (the "Trust") (collectively "Plaintiffs") and Defendants ACAP SME, LLC ("ACAP") and Newity LLC ("Newity") (collectively "Defendants") concerning Plaintiffs' Motion to Extend Certain Interim Case Deadlines (D.I. 123) (the "Motion"), which has been fully briefed (D.I. 123, D.I. 124, D.I. 125), the Court HEREBY GRANTS the Motion. Additionally, Defendants' Request for Oral Argument (D.I. 126) is DENIED AS MOOT.

"Under Rule 16, '[a] schedule may be modified only for good cause and with the judge's consent.'" *Pers. Audio, LLC v. Google LLC*, No. 17-cv-1751-CFC, 2023 WL 3582681, at *2 (D. Del. May 22, 2023) (alteration in original) (quoting Fed. R. Civ. P. 16(b)(4)). "A party seeking leave to modify a court's scheduling order under Rule 16(b)(4) has the burden of showing 'good cause.'" *Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2025 WL 753849, at *3 (D. Del. Mar. 10, 2025) (quoting *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. 19-cv-1293-GBW, D.I. 516 at 6 (D. Del. Feb. 5, 2025)).

"Good cause under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Pers. Audio*, 2023 WL 3582681, at *3 (internal quotation marks and citations omitted). "If [a] party has not been diligent, the inquiry ends." *State Farm Mut. Auto. Ins. Co. v. Amazon.com, Inc.*, No. 22-cv-1447-CJB, 2024 WL 4145022, at *2 (D. Del. Sep. 11, 2024). Good cause exists "when the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457, at *4 (D. Del. June 7, 2017). "If the moving party can establish diligence, other considerations pertinent to the good cause inquiry come into play[.]" *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-cv-366-WCB, 2020 WL 3047989, at *2 (D. Del. June 8, 2020) (collecting cases).

Plaintiffs have demonstrated good cause and due diligence. On June 25, 2025, the Court entered a Memorandum Order ("Discovery Order") (D.I. 127) that resolved multiple discovery disputes submitted by Plaintiffs. In the Discovery Order, the Court granted several of Plaintiffs' motions to compel concerning discovery deficiencies in Defendants' document production. Plaintiffs first raised these deficiencies with Defendants in February 2025. D.I. 123 at 3. The Discovery Order compelled Defendants to produce the documents subject to the motions to compel

granted. In light of Defendants' discovery deficiencies, Plaintiffs have demonstrated good cause to modify the scheduling order to extend fact discovery.

Defendants provide three reasons for why they contend the Motion should not be granted. Each of the three reasons fail. First, Defendants claim that Plaintiffs have not met their "burden in establishing good cause." D.I. 124 at 2. However, as discussed above, the Discovery Order, which granted several of Plaintiffs' motions to compel, requires Defendants to remedy multiple discovery deficiencies. With new documents to review, Plaintiffs have good cause to pursue any leads that arise from the new productions. *See* D.I. 123 at 3 (outlining how the Plaintiffs had sent a letter to the Defendants in February 2025 with these deficiencies).

Second, Defendants assert that the Court should deny the Motion "because Defendants have demonstrated good faith and sufficient participation in discovery." D.I. 124 at 4. However, Defendants are wrong for two reasons. First, Defendants' document productions were insufficient; thus, Defendants have not sufficiently participated in discovery. Second, Defendants' assertion is not a legal standard a court considers when amending the scheduling order. *See Pers. Audio*, 2023 WL 3582681, at *3 (stating that a Rule 16(b) inquiry "focuses on the diligence *of the party seeking the modification* of the scheduling order" (emphasis added) (citation omitted)). If, however, Defendants are making an argument that granting the Motion would prejudice them, that argument also fails. *See id.* (noting that "the existence of prejudice to the party opposing modification may also be considered" in a 16(b) inquiry (citation omitted)). In this instance, Plaintiffs' proposed dates do not change the trial date, and Defendants have not set forth any facts that would indicate prejudice.

Third, Defendants contend that the Motion should be denied because "Plaintiffs' true goal here is to obtain irrelevant discovery on an unplead [sic] alter ego claim that seeks to 'horizontally'

pierce the corporate veil from ACAP to Newity." D.I. 124 at 4. However, as discussed in the Discovery Order, that contention is just a "semantics quibble." D.I. 127 at 5. The "alter ego" claim, as Defendants put it, is the same as the claim that Plaintiffs have already pled: that ACAP and Newity are the same entity. *Id.* at 4-5. Thus, Defendants' attempt to present Plaintiffs' claim as "impermissible under Delaware law" (D.I. 124) is nothing more than a disguised motion for reconsideration of Defendants' motion to dismiss, which the Court has already resolved. *See* D.I. 32 at 7 (denying Defendants' motion to dismiss because the Court found "plausible" Plaintiffs' contention that NEWITY is ACAP).

WHEREFORE, IT IS HEREBY ORDERED THAT the Motion (D.I. 123) is GRANTED, and the Scheduling Order (D.I. 43) is amended as follows:

| Event | Date from March 7 Order | New Date |
|---|---|---|
| Fact Discovery cutoff | June 13, 2025 | July 18, 2025 |
| Expert Reports | July 25, 2025 | August 25, 2025 |
| Rebuttal Expert Reports | August 25, 2025 | September 19, 2025 |
| Reply Expert Reports | September 19, 2025 | October 24, 2025 |
| Expert Cutoff | October 24, 2025 | November 21, 2025 |
| Pretrial Conference | March 19, 2026 | March 19, 2026 |
| Trial | March 23-25, 2026 | March 23-25, 2026 |

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE