IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE LOAN SOURCE INC. and THE 1993 STEVEN D. KRAVITZ FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NEWITY LLC and ACAP SME, LLC,<br><br>Defendants. | Civil Action No. 22-1255-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs The Loan Source, Inc. ("TLS") and The 1993 Steven D. Kravitz Family Trust's (collectively, "Plaintiffs") Motion to Strike Defendants ACAP SME, LLC ("ACAP") and Newity LLC's (collectively, "Defendants") Sixteenth Affirmative Defense of Prior Material Breach (the "Motion") (D.I. 142), which has been fully briefed (D.I. 145; D.I. 148). For the reasons set forth below, the Court denies Plaintiffs' Motion.

### I. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' and impertinent matter similarly 'consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Dufresne Spencer Grp., LLC v. Han Nara Enters. LP*, C.A. No. 21-1857, 2022 WL 1978686, at *1 (D. Del. June 6, 2022) (quoting *Del. Health Care v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995)).

"As a general matter, motions to strike under Rule 12(f) are disfavored." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012) (citing *Seidel v. Lee*, 954 F. Supp. 810, 812 (D. Del.

1996)). "[T]he purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sepracor Inc. v. Dey, L.P.*, C.A. No. 06-113, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008) (alteration in original). "In proceeding on a motion to strike for relevancy, the movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial." *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015). Therefore, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (cleaned up).

II.     DISCUSSION[1]

Plaintiffs move to strike Defendants' sixteenth affirmative defense for prior material breach ("Affirmative Defense"), contending that the Affirmative Defense is legally insufficient, impertinent, and immaterial because "it is based on a claim Plaintiffs have not made." D.I. 142-2 at 2. Plaintiffs contend that the Affirmative Defense seeks to excuse Defendants' failure to pay Plaintiffs the Break-Up Fee (the "BUF") in January 2023 after TLS terminated the Amended and Restated SPA (the "Agreement").[2] *Id.* at 3. However, Plaintiffs contend that they do not allege failure to pay the BUF, but failure to fund the BUF account as obligated under the Agreement. *Id.*

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

[2] The Agreement is an amended stock purchase agreement, where Defendants were to purchase TLS and its Small Business Lending Company license. D.I. 142-2 at 2. Pursuant to the Agreement, Defendants were to deposit into the BUF account 10% of the revenue collected from TLS's PPP loan portfolio, each time they collected revenue, starting on January 1, 2021. *Id.*

Defendants respond that, on January 1, 2023, the Agreement was terminated by ACAP because the transaction closing date (the "Drop Dead Date") of December 31, 2022 had passed. D.I. 145 at 1. Defendants further respond that Plaintiffs later attempted to terminate the Agreement, claiming that Plaintiffs were due the BUF fee. *Id.* The Agreement outlines the conditions upon which ACAP would owe the BUF fee. *Id.* For example, ACAP could terminate the Agreement, if ACAP was not in material breach of any provision within the Agreement and TLS had materially breached. *Id.* at 2. If TLS terminated the Agreement, ACAP would only owe the BUF, if TLS was not in material breach of the Agreement. *Id.*

Defendants contend that the Affirmative Defense is proper because Plaintiffs were in material breach of the Agreement. *Id.* The Agreement contained a provision which barred Plaintiffs from soliciting, negotiating, or initiating offers related to the sale or license of TLS or its assets before January 1, 2023. *Id.* However, Defendants contend that, during discovery, Plaintiffs produced a document indicating that Plaintiffs and Velocity Financial, Inc. ("Velocity") had been discussing the purchase of TLS stock and its license prior to January 1, 2023. *Id.* Defendants subpoenaed Evan Mitnick ("Mitnick"), who participated in the discussions with TLS, on behalf of Velocity. *Id.* At the time Defendants filed their response to the Motion, they were in the process of attempting to schedule Mitnick's deposition to obtain additional information. *Id.* Therefore, Defendants contend that the Affirmative Defense is sufficient, as it is based on issues of fact that cannot be resolved at pleading and rebuts Plaintiffs' claim that they complied with the Agreement.

After reviewing each parties' arguments, the Court finds that it cannot conclude that the Affirmative Defense is legally insufficient. *See XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 383 (D. Del. 2012) ("A court should not strike a defense unless the insufficiency is clearly apparent and motions to strike are generally disfavored."); *Hoover v. Drivetrain*, No. 20-

50966, 2023 WL 7311168, at *1 (Bankr. D. Del. Nov. 6, 2023) ("A Rule 12(f) motion should be denied, however, unless the inadequacy of the defense is clearly apparent, meaning in essence that there is no set of facts that might be proven at trial under which the affirmative defense would be successful."). Whether Plaintiffs engaged in negotiations while the Agreement remained in effect, and whether such conduct constituted a material breach of the Agreement, are issues that turn on the development of the factual record and relate to the merits of this case. *Scripps Clinic & Rsch. Found. v. Baxter Travenol Lab'ys, Inc.*, No. 87-140, 1988 WL 22602, at *4 (D. Del. Mar. 9, 1988) ("Thus, the Court should not grant [a motion to strike] if there are questions of fact or law remaining to be adjudicated.").

Moreover, Defendants' answer provides sufficient notice of their intent to assert the Affirmative Defense. *See Long v. Wilson*, 393 F.3d 390, 397 (3d Cir. 2004) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."). Specifically, Defendants assert that Plaintiffs materially breached the Agreement by violating the exclusivity provision, and that such breach relieves ACAP of their obligations to perform under the Agreement. D.I. 140 at 20.

Therefore, the Court finds that Plaintiffs have failed to demonstrate that the Affirmative Defense is insufficient, impertinent, and immaterial. The Court further notes that, because this matter will proceed to a bench trial, the Court, as the factfinder, is capable of evaluating the evidence regarding the alleged breach and determining the merit of the defense.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs Motion to Strike the Defendants' Sixteenth Affirmative Defense of Prior Material Breach (D.I. 142).

\* \* \* \* \*

WHEREFORE, at Wilmington this 9th day of March, 2026, **IT IS HEREBY ORDERED** that Plaintiffs The Loan Source, Inc. and The 1993 Steven D. Kravitz Family Trust's Motion to Strike Defendants ACAP SME, LLC and Newity LLC's Sixteenth Affirmative Defense of Prior Material Breach (D.I. 142) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE