## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE LOAN SOURCE INC. and THE 1993
STEVEN D. KRAVITZ FAMILY TRUST,

Plaintiffs,

v.

NEWITY LLC and ACAP SME, LLC,

Defendants.

Civil Action No. 22-1255-GBW

ACAP SME, LLC,

Counterclaim Plaintiff,

v.

THE LOAN SOURCE INC. and THE 1993
STEVEN D. KRAVITZ FAMILY TRUST,

Counterclaim Defendant.

## MEMORANDUM ORDER

Pending before the Court is Defendants ACAP SME, LLC ("ACAP") and NEWITY LLC's

("Newity") (collectively, "Defendants") motion *in limine* to preclude the use of extrinsic evidence

to construe the provision concerning an OPEX Adjustment found in the Amendment to the

Amended and Restated Stock Purchasing Agreement ("Amendment to the A&R SPA") (D.I. 174-

1 at 1780[1]) (the "Motion"), which has been fully briefed (D.I. 174-1 at 1807; *id.* at 1817). For the

reasons set forth below, the Court denies Defendants' Motion.

---

[1] All pin cites herein are to the PageID page numbers.

## I.    LEGAL STANDARDS

A motion *in limine* is designed to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). Motions *in limine* allow the court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'" *Evolved Wireless, LLC v. Apple Inc.*, No. 15-cv-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019) (citation omitted).

## II.    DISCUSSION

Defendants seek to preclude the use of extrinsic evidence to construe the OPEX Adjustment provision found in the Amendment to the A&R SPA. Defendants contend that the provision regarding the OPEX Adjustment is unambiguous and requires no additional interpretation. D.I. 174-1 at 1781. Therefore, Defendants assert that "the Court may not consider extrinsic evidence to interpret the OPEX Adjustment." *Id.* at 1782. Defendants further contend that the Plaintiffs are prohibited from relying on extrinsic evidence because the Amended and Restated Stock Purchasing Agreement (the "A&R SPA") contains an integration clause. *Id.* at 1783. Therefore, Defendants assert that, "a court may not consider extrinsic evidence to vary or contradict with the terms of the contract." *Id.* at 3.

It is well-established that the interpretation or construction of a contract is a question of law for the court to decide. *Yeransian v. Markel Corp.*, No. 16-808-GBW, 2023 WL 3884975, at *5 (D. Del. June 8, 2023), *aff'd*, *Yeransian v. Markel Grp. Inc.*, No. 23-2234, 2024 WL 2933016 (3d Cir. June 11, 2024); *BCG, Inc. v. GLeS, Inc.*, No. 07-207, 2008 WL 2856708, at *2 (D. Del. July 23, 2008). At this stage of the proceedings, the Court cannot conclude that the contract provision is so clear as to warrant the exclusion of any and all extrinsic evidence. Defendants "fail

2

to specify what specific [evidence] they seek to bar as extrinsic evidence." *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, No. 89C-35, 1994 WL 721642, at *3 (Del. Super. Ct. Apr. 13, 1994). Therefore, the Court declines to exclude such evidence in advance of trial.

## III.    CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion.

\* \* \* \* \*

WHEREFORE, at Wilmington this 17th day of March 2026, **IT IS HEREBY ORDERED** that Defendants ACAP and Newity's motion *in limine* to preclude the use of extrinsic evidence to construe the OPEX Adjustment found in the Amendment to the A&R SPA (D.I. 174-1 at 1780) is **DENIED.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE