**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THE LOAN SOURCE INC. and THE 1993
STEVEN D. KRAVITZ FAMILY TRUST,

    Plaintiffs,

        v.

NEWITY LLC and ACAP SME, LLC,

    Defendants.

---

ACAP SME, LLC,

    Counterclaim Plaintiff,

        v.

THE LOAN SOURCE INC. and THE 1993
STEVEN D. KRAVITZ FAMILY TRUST,

    Counterclaim Defendant.

Civil Action No. 22-1255-GBW

---

**MEMORANDUM ORDER**

Pending before the Court is Defendant NEWITY LLC's ("NEWITY") motion for partial judgment under Federal Rule of Civil Procedure 52(c) on Plaintiffs The Loan Source Inc. and the 1993 Steven D. Kravitz Family Trust's (collectively, "Plaintiffs") claims against NEWITY (D.I. 179) (the "Motion"), which has been fully briefed (D.I. 181). For the reasons set forth below, the Court grants NEWITY's Motion.

## I.   FINDINGS OF FACT[1]

The Court adopts the facts stipulated by the parties as set forth below:

---

[1] [1] The Court's Findings of Fact are cited as "FF ¶ __"

1.      ACAP SME, LLC is a limited liability company formed May 5, 2020 under the laws of Delaware.

2.      ACAP SME, LLC has one member, ACAP Fund GP, LLC.

3.      ACAP's ultimate owners are Luke LaHaie, Kathleen LaHaie, David Cody, and Michael Tein, who all indirectly own ACAP through intermediary entities.  ACAP is controlled by these ultimate owners.

4.      NEWITY is a limited liability company formed under the laws of Delaware.

5.      NEWITY has one member: Find Out Ventures LLC (f/k/a NEWITY HoldCo LLC).

6.      NEWITY has the same ultimate ownership as ACAP.  Mr. and Mrs. LaHaie own a membership interest in ACAP Fund GP (ACAP's parent) through Alimentari Holdings, LLC, and they own a membership interest in Find Out Ventures (NEWITY's parent) through Alimentari Holdings III, LLC.

7.      David Cody owns a membership interest in ACAP Fund GP (ACAP's parent) through GA P3 I LLC, and he owns a membership interest in Find Out Ventures (NEWITY's parent) through Roundstone I LLC and Roundstone DE Investments, LLC.

8.      Michael Tein's company, Oceans XIV, LLC owns membership interests in ACAP Fund GP and Find Out Ventures.

9.      NEWITY was formed on March 19, 2021 as United Operations, LLC.

10.     ACAP and NEWITY do not share a parent company.  Neither is a subsidiary of the other.

11.     The ultimate owners of NEWITY are the same as the ultimate owners of ACAP.

12.     ACAP and NEWITY are distinct legal entities.

2

13.    NEWITY is, indirectly, through one or more intermediaries, under common control with ACAP.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 52(c), the Court has discretion to enter judgment on any issue after hearing the evidence.  Rule 52(c) provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue."  Fed. R. Civ. P. 52(c).

In considering the judgment under Rule 52(c), the Court "applies the same standard of proof and weighs the evidence as it would at the conclusion of trial."  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F. 3d 253, 272 (3d Cir. 2010).  In doing so, the Court "does not view the evidence through a particular lens or draw inferences favorable to either party."  *Id.*

## III.    DISCUSSION

NEWITY requests the Court to enter judgment on partial findings in its favor on Plaintiffs' claims that "(1) NEWITY is the same entity as ACAP; (2) the corporate veil between ACAP and NEWITY should be pierced; and (3) NEWITY is a mere continuation of ACAP."  D.I. 179 at 1. NEWITY contends that the parties stipulate that ACAP and NEWITY are separate affiliate entities, which defeats Plaintiffs' claim that the entities are the same entity.  *Id.*  Second, NEWITY contends that the contract contains a non-recourse provision, which bars claims against any entity other than ACAP.  *Id.*  Third, NEWITY contends that NEWITY and ACAP are horizontally aligned, and neither is a parent nor subsidiary of the other.  *Id.*  Lastly,  NEWITY contends that Plaintiffs' mere continuation theory is untimely because it was not pled and both entities still exist. *Id.*  In response, Plaintiffs argue that the Motion should not be granted because it is untimely and

3

Plaintiffs seek to hold NEWITY liable under multiple theories, such as alter ego, mere continuation, and assignee liability. *See generally* D.I. 181. For the reason set forth below, the Court grants NEWITY's Motion.

### A.    Plaintiffs' Alter Ego Theory Fails

The alter ego doctrine "exists to pierce the corporate veil, thereby stripping those officers of the protections normally associated with the corporate form." *United States v. Voigt*, 89 F.3d 1050, 1069 (3d Cir. 1996); *In re Maxus Energy Corp.*, 641 B.R. 467, 499 n. 64 (Bankr. D. Del. 2022) ("The terms 'alter ego' and 'piercing the corporate veil' are used interchangeably in Delaware law") (cleaned up). To pierce the corporate veil under Delaware law, a plaintiff "must show (1) that the corporation and its shareholders operated as a single economic entity, and (2) that an overall element of injustice or unfairness is present." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 528 (D. Del. 2008).

Horizontal veil piercing occurs when "the court is asked to ignore the autonomous corporate structure of affiliate corporations and make their assets available to satisfy claims." *Roth Staffing Companies, L.P. v. Brown*, No. 13-216, 2016 WL 308773, at *5 n. 7 (D. Conn. Jan. 25, 2016); *see also In re Petters Co., Inc.*, 561 B.R. 738, 750 (Bankr. D. Minn. 2016) (horizontal veil piercing occurs when "a creditor with a claim against one of the limited liability entities seeks to disregard corporate separateness between the entities to reach assets belonging to both"); *see also Drone Nerds Franchising, LLC v. Childress*, No. 19-61153, 2021 WL 6620674, at *4 (S.D. Fla. Nov. 15, 2021) (explaining that horizontal veil piercing is when a party seeks to hold a corporation

liable for the actions and debts of its sister[2] or sibling corporation).  Horizontal veil piercing has not been adopted in Delaware.  *Empower Brands LLC v. Tristar Prods., Inc.*, No. 23-01225, 2024 WL 5090532, at *3 (D. Del. Dec. 12, 2024); *Cleveland-Cliffs Burns Harbor LLC v. Boomerang Tube, LLC*, No. 22-378, 2023 WL 5688392, at *15 (Del. Ch. Sept. 5, 2023).

As stated in the Court's findings of facts, NEWITY and ACAP share the same owners, do not have a common parent company, and neither is a subsidiary of the other.  FF ¶¶ 6, 10. Therefore, traditional veil piercing is inapplicable.  *See Trinity Indus., Inc. v. Greenlease Holding Co.*, 903 F.3d 333, 365 (3d Cir. 2018) ("the law permits a subsidiary to be deemed an 'alter ego' of its parent so that the parent can be held liable for the actions of its subsidiary").  NEWITY and ACAP are sister corporations, as they are owned and controlled by the same owners.  FF ¶¶ 6, 11. Thus, Plaintiffs' attempt to hold NEWITY liable under the theory of horizontal veil piercing, a theory that has not been adopted in Delaware, cannot succeed.  Accordingly, Plaintiffs' alter ego liability claim fails.

### B.    Plaintiffs Mere Continuation Theory Fails

Plaintiffs also contend that NEWITY should be held liable under the theory of mere continuation.  D.I. 181 at 5.  However, as NEWITY points out, Plaintiff raised mere continuation for the first time in their Response to Defendants' Trial Brief.  Mere continuation is also known as successor liability.  *See Sage Chem., Inc. v. Supernus Pharms., Inc.*, No. 22-1302, 2024 WL 2832343, at *5 (D. Del. June 4, 2024).  Plaintiffs Amended Complaint (D.I. 55) does not contain the term "successor," "successor liability," or "mere continuation."  Therefore, the Amended

---

[2] Black's Law Dictionary defines a "sister corporation" as "[o]ne of two or more corporations controlled by the same, or substantially the same, owners."  Black's Law Dictionary (11th ed. 2019).

Complaint "does not make it clear that Plaintiffs are actually asserting this theory of liability." *Id.* Moreover, ACAP and NEWITY exist as separate entities, not a single entity. FF ¶ 12. Accordingly, Plaintiffs' mere continuation claim fails.

### C.      Plaintiffs' Theory of Assignee Liability Fails

Lastly, Plaintiffs contend that NEWITY may be held liable under the theory of assignee liability. D.I. 181 at 5. NEWITY contends that, under the A&R SPA, ACAP and NEWITY are considered affiliates, and that Plaintiff's claim is therefore barred by the non-recourse provision, which precludes claims against affiliates. D.I. 179 at 4.

The A&R SPA defines "Affiliate" to mean "any other Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with such Person." D.I. 55-1 at 6. NEWITY is, indirectly, through one or more intermediaries, under common control with ACAP. FF ¶ 12. Therefore, NEWITY is an affiliate of ACAP. Section 9.13, the non-recourse provision provides that:

> Section 9.13 <u>Non-Recourse</u>. This Agreement may only be enforced against, and any claim, action, suit or other legal proceeding based upon, arising out of, or related to this Agreement . . . may only be brought against the entities that are expressly named as parties hereto and then only with respect to the specific obligations set forth herein with respect to such party. No past, present or future director, officer, employee, incorporator, manager, member, partner, stockholder, Affiliate, agent, attorney, or other Representative of any party hereto **or of any Affiliate of any party hereto**, or any of their successors or permitted assigns, **shall have any liability for any obligation or liabilities of any party hereto under this Agreement** or for any claim or action based on, in respect of or by reason of the transaction contemplated hereby.

D.I. 55-1 at 37 (emphasis added). Because NEWITY is an affiliate of ACAP, a party to the A&R SPA, Section 9.13 expressly relieves NEWITY of any liability thereunder. Plaintiffs contend that the non-recourse provision "applies only to permitted assigns" and "does not shield

6

unpermitted assigns from liability." D.I. 181 at 5. However, as outlined above, the non-recourse provision extends to both permitted assigns and affiliates. Accordingly, NEWITY cannot be held liable and Plaintiff's claim for assignee liability fails. *See Harland Clarke Holdings Corp. v. Milken*, No. 14-138, 2015 WL 12868204, at *2 (D. Del. Mar. 4, 2015), *aff'd*, 646 F. App'x 223 (3d Cir. 2016).

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion.

*  *  *  *  *

WHEREFORE, at Wilmington this 23rd day of March 2026, **IT IS HEREBY ORDERED** that Defendant NEWITY's motion for partial judgment under Federal Rule of Civil Procedure 52(c) (D.I. 179) is **GRANTED.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE